IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, | ) Case Nos. 12-2404-SC |
| | )            12-2405-SC |
|         Plaintiff, | ) |
| | ) SUA SPONTE JUDICIAL |
|   v. | ) REFERRAL FOR PURPOSE OF |
| | ) <u>DETERMINING RELATIONSHIP</u> |
| JOHN DOE, | ) |
| | ) |
|         Defendant. | ) |
| | ) |

**I.   INTRODUCTION**

Pursuant to Civil Local Rule 3-12(c), the undersigned hereby REFERS the cases listed above to District Judge Jeffrey S. White for a determination of whether they are related to Case No. 12-2392-JSW. Judge White may also wish to inquire whether ten other concurrently filed cases are related. The concurrently filed cases are identified below.

**II.  BACKGROUND**

On May 10, 2012, Plaintiff AF Holdings LLC ("Plaintiff") filed at least thirteen complaints in the Northern District, all alleging copyright infringement by an unnamed John Doe defendant. Each case is captioned "AF Holdings LLC v. John Doe." The chart below sets forth each case's number and the presiding judge as of the date of this Referral:

|    | **Case No.** | **Presiding** |
|----|--------------|---------------|
| 1  |              |               |
| 2  | 12-2392      | J. White      |
| 3  | 12-2393      | J. Breyer     |
| 4  | 12-2394      | J. Koh        |
| 5  | 12-2396      | J. Chen       |
| 6  | 12-2397      | J. Illston    |
| 7  | 12-2403      | J. Breyer     |
| 8  | 12-2404      | J. Conti      |
| 9  | 12-2405      | J. Conti      |
| 10 | 12-2408      | J. Hamilton   |
| 11 | 12-2411      | J. Hamilton   |
| 12 | 12-2415      | J. Lloyd      |
| 13 | 12-2416      | J. Alsup      |
| 14 | 12-2417      | J. Koh        |

The documents filed in these cases appear to be form documents, materially identical except for one or two details. For example, the complaints appear to be materially identical except for particulars contained in each pleading's fifth paragraph. Other filings also appear to be form documents (e.g., form declarations, form ex parte applications). Accordingly, unless otherwise specified, citations in this referral are to docket entries in Case No. 12-2404-SC, which provide representative examples.

In each case, Plaintiff identifies itself as "a limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis," and the copyright holder of an adult entertainment film titled "Popular Demand" (the "Video").

2

1  ECF No. 1 ("Compl.") ¶¶ 2-3.  Plaintiff always alleges that an
2  unnamed Doe defendant illegally downloaded the Video, and allowed
3  others to download it, using a peer-to-peer file-sharing protocol
4  ("BitTorrent").  See generally Compl. ¶¶ 8-17; see also SBO
5  Pictures, Inc. v. Does 1-3036, 11-4220 SC, 2011 WL 6002620, at *1
6  n.1 (N.D. Cal. Nov. 30, 2011) (explaining BitTorrent technology and
7  terminology).  Each complaint recites that "Defendant's actual name
8  is unknown to Plaintiff.  Instead, Defendant is known to Plaintiff
9  only by an Internet Protocol address ('IP Address'), which is a
10 number assigned to devices, such as computers, that are connected
11 to the Internet."  Compl. ¶ 5.  The only material difference
12 between the complaints is the IP address, and hence the identity,
13 of the alleged defendant.  Compare Case No. 12-2404-SC, ECF No. 1 ¶
14 5 (IP address of 24.6.73.58) with Case No. 12-2405-SC, ECF No. 1 ¶
15 5 (IP address of 107.3.130.61); see also Case No. 12-2392-JRW, ECF
16 No. 1 ¶ 5 (IP address of 71.198.110.43).[1]

17      At the time of this writing, Plaintiffs have filed ex parte
18 applications for leave to take expedited discovery in the
19 undersigned's two cases, as well as the case assigned to Judge
20 White and most, but not all, of the similar cases filed in this
21 District.  See, e.g., ECF No. 8 ("EPA").  Each of Plaintiff's ex
22 parte applications seek to compel discovery from the Internet
23 Service Provider ("ISP") who, according to Plaintiff, owns the IP
24 address identified in the complaint.  E.g., id. at 1-2.  As with

---

[1] All thirteen complaints appear to be identical but for the IP address contained in paragraph 5.  Plaintiff appears to have filed a separate case for each IP address, perhaps mindful that judges in the Northern District have, in similar cases, criticized the practice of joining multiple unnamed defendants in a single action. See, e.g., SBO Pictures, 2011 WL 6002620, at *2-4.

3

the complaints, the ex parte applications appear to be identical to each other but for the IP address (which matches the one in the complaint).  The ex parte applications also differ from each other when it comes to name of the ISP from whom Plaintiff seeks discovery.  Notably, the eleven ex parte applications that have been filed so far name only two ISPs.  Nine refer to Comcast Cable Communications LLC ("Comcast").  See, e.g., Case No. 12-2404-SC, ECF No. 8 at 2.  Two refer to SBC Internet Services ("SBC").  See, e.g., Case No. 12-2397-SI, ECF No. 10 at 2.[2]

Civil Local Rule 3-12(c) provides, in pertinent part, that "[w]henever a Judge believes that a case pending before that Judge is related to another case, the Judge may refer the case to the Judge assigned to the earliest-filed case with a request that the Judge assigned to the earliest-filed case consider whether the cases are related."  Cases are related when "[t]he actions concern substantially the same parties, property, transaction or event; and . . . [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civ. L. R. 3-12(a).

The undersigned believes the cases filed by Plaintiff in the Northern District on or around May 10, 2012 may be related.  The undersigned acknowledges that the Doe defendants may be different in each case, assuming that the IP addresses represent different defendants.  But currently Plaintiff's efforts are directed at obtaining discovery from only two ISPs, Comcast and SBC.

---

[2] At the time of this Referral, Plaintiff does not appear to have filed an ex parte application in two of the cases pending in this District: 12-2415-HRL and 12-2417-LHK.  Perhaps coincidentally, these are the only two cases assigned to judges seated in San Jose.

4

1  Experience suggests that most if not all of these cases will likely
2  settle very shortly after discovery is obtained from the ISPs, if
3  indeed it is.  See SBO Pictures, 2011 WL 6002620, at *3-4
4  (discussing settlement practices in this type of case).  The
5  undersigned is concerned about duplication of judicial resources
6  and the possibility of inconsistent rulings in what appear to be
7  virtually identical cases.[3]

8      The undersigned's review of those cases indicates that the
9  earliest-filed case is the one assigned to Judge White.

**III. CONCLUSION**

Given the apparent similarity of the complaints and claims in the two cases captioned above and the case before Judge White, the undersigned REFERS Case Nos. 12-2404 and 12-2405 to Judge White with a request that he determine whether these three cases are related.  Judge White may also wish to determine whether the other ten cases identified in this Referral, or any other cases, are also related.

Dated: June 12, 2012

_____
UNITED STATES DISTRICT JUDGE

---

[3] Some colleagues have already ruled on the ex parte applications pending before them, and some have referred the applications to magistrate judges as discovery matters.  See Case Nos. 12-2392, 12-2396, 12-2397, 12-2408, 12-2411, 12-2416 (granting ex parte applications); 12-2393, 12-2403 (referred to magistrate).

5