Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE,<br><br>　　　　Defendant. | Case No. 3:12-cv-02405-SC<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY |

**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

The Court has reviewed the Complaint with attached Exhibits, Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery and all the papers filed in connection with the motion, and relevant case law. Accordingly, it is hereby

ORDERED that Plaintiff's *Ex Parte* Application for Leave to Take Discovery is GRANTED; it is further

ORDERED that Plaintiff may immediately serve Rule 45 subpoena(s) to identify John Doe associated with Internet Protocol ("IP") address 107.3.130.61, which are limited to the following categories of entities and information:

From Internet Service Provider (ISP) identified in Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery and any other entity identified as a provider of Internet services

to John Doe in response to a subpoena or as a result of ongoing BitTorrent activity monitoring: information sufficient to identify John Doe associated with IP address 107.3.130.61, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address; it is further

ORDERED any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

ORDERED that Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the entity's internal costs to notify its customers; it is further

ORDERED that any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity; it is further

ORDERED that Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order; it is further

ORDERED that if any entity subpoenaed pursuant to this Order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be 30 days from the date of service;

Finally, it is ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

DATED: June 25, 2012

United States District Judge